UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

LEONEL MIRANDA MARTINEZ                                                                          PLAINTIFF

v.                                                                  CIVIL ACTION NO. 4:25CV-P105-JHM

KRISTI NOEM *et al.*                                                                            DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Leonel Miranda Martinez, an inmate currently housed at the Little Sandy Correctional Complex, filed the instant *pro se* action. This matter is before the Court upon an initial review of the complaint[1] pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff sues the following Defendants: Kristi Noem, the former Department of Homeland Security (DHS) Secretary; Cookie Crews, the Commissioner of the Kentucky Department of Corrections (KDOC); and Kentucky Governor Andy Beshear in their individual and official capacities.

Plaintiff states that he "is seeking a temporary restraining order, asking the District court to direct [KDOC] commissioner Cookie Crews to remove Mr. Martinez immigration hold to ensure that [KDOC] releases [] plaintiff such immigration hold will lead to a subsequent seizere by [KDOC] and DHS subject to Fourth Amendment protection[.]" Plaintiff maintains that KDOC does not have the "authority to effectuate administrative [] warrant because [KDOC] can not

---

[1] Plaintiff originally filed his complaint on a complaint form for the Eastern District of Washington. The Clerk of Court issued a deficiency notice directing Plaintiff to resubmit the complaint on this Court's approved form, and Plaintiff complied. The Court's Local Rules require that a *pro se* civil rights complaint be filed on the Court's supplied form. Therefore, the Court will conduct an initial review of the complaint filed on this Court's approved form. However, the Court notes that two complaint forms make substantively the same allegations.

enforce immigration laws[.]" He states that he has been in custody since March 27, 2006, and was due to be seen by the parole board in January 2026.[2] Plaintiff states that he has not been charged with a federal offense and the "policy to detaining individuals for immigration violation before release with administrative warrant" violates his rights under the Fourth Amendment. He also asserts that the detainer incorrectly states that his citizenship is of Mexico and that he was in fact born in Honduras in 1976 and lived there until 1991. He states that he has lived in the United States for over 35 years and that his wife and four children are United States citizens.

As relief, Plaintiff requests "to remove the immigration hold."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

---

[2] The KDOC website shows that Plaintiff went before the parole board on January 13, 2026, and that his parole eligibility was deferred for 12 months. *See* http://kool.corrections.ky.gov/KOOL/Details/259239 (last visited March 10, 2026).

2

550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

Title 42 U.S.C. § 1983 is the operative statute for civil rights claims against defendants employed by a state or local government, whereas civil rights suits against federal employees are brought under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Section 1983 actions and *Bivens* actions are analogous. *See Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) ("We review *Bivens* and § 1983 actions under the same legal principles, except for the requirement of federal action under *Bivens* and state action under § 1983."); *King v. Fuller*, No. 4:08-cv-36, 2008 U.S. Dist. LEXIS 82152, at *6 (E.D. Tenn. Oct. 15, 2008) (finding that "a *Bivens* action is analogous to an action under § 1983" and noting that "the decisional law developed under § 1983 generally applies in *Bivens*-type actions"). Therefore, Plaintiff's claim against Noem is brought under *Bivens*, and his claims against Crews and Beshear are brought under § 1983, but they are analyzed analogously.

Plaintiff seeks an injunction to remove his Immigration and Customs Enforcement (ICE) detainer lodged with the KDOC. "Although Plaintiff does not specifically state that he is seeking release from incarceration, the relief being sought by Plaintiff clearly implicates the fact or duration of his confinement." *Kmet v. Sec'y of the Dep't of Homeland Sec.*, No. 1:20-cv-438, 2020 U.S. Dist. LEXIS 129894, at *6 (W.D. Mich. July 23, 2020) (finding claim not cognizable under *Bivens* where the plaintiff sought invalidation of an immigration detainer against him); *see also Gonzalez v. Bodiford*, No. 2:24-cv-00790-RMG, 2024 U.S. Dist. LEXIS 177284, at *4 (D.S.C. Sept. 30, 2024) (finding "the removal or alteration of a detainer is not cognizable in a § 1983 action") (citation and internal quotation marks omitted); *Foster v. Geither*, No. 23-3089-JWL, 2023 U.S. Dist. LEXIS 58476, at *2 (D. Kan. Apr. 3, 2023) ("A state prisoner's challenge to a detainer lodged by a sovereign other than the one currently holding him in custody, whether it be another State or federal authorities, is normally raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.") (citation and internal quotation marks omitted). Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff cannot seek removal of the detainer under *Bivens* or § 1983, this action must be dismissed for failure to state a claim upon which relief may be granted.

The Court notes that, even if Plaintiff had brought a habeas corpus petition, to obtain habeas corpus relief under § 2241, a petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An inmate challenging an ICE detainer, however, must be in custody pursuant to the ICE detainer. *Foster*, 2023 U.S. Dist. LEXIS 58476, at *2. "The mere lodging of a detainer by an ICE agent does not

4

constitute custody where no formal deportation proceedings have been commenced and no final deportation order has issued, since the detainer may be only a request that [Department of Corrections] authorities notify ICE prior to an inmate's release." *Id.* at *2-3 (citation and internal quotation marks omitted).  It is clear that Plaintiff is in custody of the KDOC serving his state criminal sentence and is not in custody pursuant to the ICE detainer.  Therefore, Plaintiff would not be entitled to habeas corpus relief under § 2241 at this time.

## IV.  CONCLUSION

For the reasons stated herein, the Court will enter a separate Order dismissing the action.

Date: March 11, 2026

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.010